An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

GILBERT WHITE,
Appellant,
vs.
JACK PALMER, WARDEN,
Respondent.

No. 60726



FILED

MAY 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

In his petition, filed on February 3, 2009, appellant raised several claims of ineffective assistance of counsel. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown, *Strickland v. Washington*, 466 U.S. 668, 697 (1984), and the petitioner

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-14031

must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings regarding ineffective assistance of counsel but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant claimed that counsel was ineffective for failing to investigate other sources of the victims' physical trauma or that the victims' parents were motivated to fabricate the allegations by a desire to steal from appellant. Appellant failed to demonstrate deficiency or prejudice. The district court found that appellant did not present evidence that the victims' parents stole from appellant, that the allegations were fabricated, or that the trauma was caused by anything other than appellant assaulting the victims, and it concluded that appellant thus failed to demonstrate deficiency. The district court further found that appellant would only "possibly" have wanted to go to trial given the evidence adduced at the evidentiary hearing and wanted to go to trial now only because of his fiancee's poor health, and it concluded that appellant thus failed to demonstrate prejudice. The district court's conclusion is supported by its factual findings, which in turn are supported by the record. We therefore conclude that the district court did not err in denying this claim.

Second, appellant claimed that counsel was ineffective because appellant was on psychotropic medication at the time of his guilty plea, rendering it invalid. Appellant failed to demonstrate deficiency or prejudice. The district court found that appellant's medication did not interfere with his understanding of his guilty plea, trial counsel had no

reason to doubt appellant's competency at the guilty plea, appellant presented no evidence that he was incompetent, and appellant admitted in his own words to assaulting the victims, and it concluded that appellant thus failed to demonstrate deficiency or prejudice. The district court's conclusion is supported by its factual findings, which in turn are supported by the record. We therefore conclude that the district court did not err in denying this claim.

For the foregoing reasons, we

ORDER the judgment of the district court AFFIRMED.[2]

_____ , J.
Gibbons

_____ , J.          _____ , J.
Douglas                                        Saitta

---

[2]We note that appellant also claimed below that counsel was ineffective for failing to conduct a trustworthiness hearing as to the child victims, for not moving to suppress appellant's statements to the police, and for telling appellant that he could not appeal because he pleaded guilty. Appellant presented no evidence to support these claims as he abandoned them at the start of his evidentiary hearing, and we therefore do not consider them on appeal.

We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc: Hon. Patrick Flanagan, District Judge
Gilbert White
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A