An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

SHAWN MICHAEL KENNEDY,
Appellant,
vs.
E.K. MCDANIEL, WARDEN, ELY
STATE PRISON,
Respondent.

No. 61922

**FILED**

MAY 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Shawn Kennedy's post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

Kennedy claims that the district court abused its discretion by denying his claim that his plea was not voluntary because it was entered under duress from a gang. Kennedy asserted below that he was actually innocent of the Alibi Lounge robbery and he only pleaded guilty to that charge due to fear for the safety of himself and his family. "[A] guilty plea is presumptively valid," and a petitioner carries "the burden of establishing that the plea was not entered knowingly and intelligently." *Hubbard v. State*, 110 Nev. 671, 675, 877 P.2d 519, 521 (1994). We will not reverse a district court's determination concerning the validity of a plea absent a clear abuse of discretion. *Id.*

For the purposes of resolving this claim, the district court assumed that duress from an outside party could render a plea involuntary, but found that Kennedy failed to establish that his plea was entered under duress. At the plea canvass and in the written plea

13-14024

agreement, Kennedy stated that he was entering his plea freely and voluntarily without threats or promises of any kind. Although Kennedy testified at the evidentiary hearing that this statement was a lie and he pleaded guilty because he feared for his own safety and the safety of his family, and he testified that his confessions to the police were false, the district court determined that this testimony was not credible. The court noted that Kennedy wrote a statement that was attached to the presentence investigation report in which he admitted to robbing a bar. When questioned about this at the evidentiary hearing, Kennedy acknowledged that the only bar he was charged with robbing was the Alibi Lounge, he did not fear for his safety or the safety of his family when he wrote the statement, and he was not coerced into writing that statement. The district court also noted that although Kennedy was given an opportunity to address the court at sentencing, Kennedy did not assert at the time that he was innocent of the Alibi Lounge robbery and he never indicated to the court that he entered his plea under duress. Kennedy explained at the evidentiary hearing that he did not inform the court of the prior duress or move to withdraw his plea to the Alibi Lounge robbery because he thought the sentencing consequences would be the same. The district court found that Kennedy failed to demonstrate that he was acting under duress when he entered his guilty plea. We conclude that the totality of the circumstances supports the district court's determination that the plea was voluntarily entered, State v. Freese, 116 Nev. 1097, 1104, 13 P.3d 442, 447 (2000), and, therefore, the district court did not abuse its discretion by denying this claim.

Kennedy also claims that the district court erred by denying his claim that his counsel was ineffective for failing to investigate an alibi

witness. When reviewing the district court's resolution of an ineffective-assistance claim, we give deference to the court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). The district court found that counsel was not ineffective because the alleged alibi witness testified at the evidentiary hearing that she would not have cooperated with counsel had counsel interviewed her and counsel credibly testified that he was never aware that there was a possible alibi witness. *See Strickland v. Washington*, 466 U.S. 668. 687-88 (1984); *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). The record supports the district court's findings, and we conclude the district court did not err as a matter of law.

Having concluded that Kennedy's claims lack merit, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. Brent T. Adams, District Judge
Mary Lou Wilson
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk