An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MIGUEL CASILLAS-GUTIERREZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60411

FILED

MAY 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

On appeal from the denial of his July 9, 2010, petition, appellant argues that the district court erred in denying his claim that trial counsel was ineffective for failing to conduct a reasonably timely investigation.[1] To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697,

---

[1] Appellant's remaining claims of ineffective assistance of trial and appellate counsel as well as his claims of district-court errors at trial are not raised in the instant appeal and are therefore abandoned.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-14072

and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings regarding ineffective assistance of counsel but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Appellant argues that counsel was ineffective because she delayed in interviewing the victim until after the victim moved to Oregon, thereby effectively depriving him of any investigation. Appellant failed to demonstrate deficiency or prejudice. Counsel testified at the evidentiary hearing that the defense needed to interview other witnesses before interviewing the victim, that the victim was ultimately interviewed days before trial, and that her version of events had not changed substantially from her testimony before the grand jury. Further, the district court's finding that appellant failed to present any evidence as to what specific information counsel could have obtained had she contacted the victim earlier is supported by substantial evidence in the record. Accordingly, appellant failed to demonstrate a different outcome at trial had counsel attempted to contact the victim earlier. We therefore conclude the district court did not err in denying this claim, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.          _____, J.
Douglas                                          Saitta

 

cc: Hon. Janet J. Berry, District Judge
Story Law Group
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A