An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

EDGAR LUNA ABAD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62310

**FILED**

JUN 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a post-conviction motion to withdraw the guilty plea. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant Edgar Abad claims that, due to the ineffective assistance of his counsel, his plea was not knowingly and voluntarily entered and the district court erred by denying his motion to withdraw his plea. Abad alleged below that his counsel was ineffective for affirmatively misadvising him of the deportation consequences of his plea and for failing to advise him of the actual and certain deportation consequences of his plea.

We presume that the district court correctly assessed the validity of a plea and will not reverse its decision absent an abuse of discretion. *Molina v. State*, 120 Nev. 185, 191, 87 P.3d 533, 538 (2004). To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not

SUPREME COURT
OF
NEVADA

(O) 1947A

13 - 17362

have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). We give deference to the court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

The district court conducted an evidentiary hearing at which Abad's plea counsel testified that he discussed the potential immigration consequences with Abad before he entered the plea and specifically advised him that a gross misdemeanor could have adverse immigration consequences. This testimony was supported by the record, and the district court found that this testimony was credible and the plea was very favorable to Abad. The district court held that counsel was not ineffective, the plea was freely and voluntarily entered, and there was no manifest injustice warranting withdrawal of the plea, *see* NRS 176.165.

The district court's findings are supported by substantial evidence and are not clearly wrong. Abad did not demonstrate that his counsel affirmatively misadvised him regarding the deportation consequences of entering his plea. *See Rubio v. State*, 124 Nev. 1032, 1043, 194 P.3d 1224, 1232 (2008). Further, even assuming counsel was deficient for not informing him that pleading guilty to a gross misdemeanor could subject him to automatic deportation, *see Padilla v. Kentucky*, 559 U.S. ___, ___, 130 S. Ct. 1473, 1483 (2010), Abad failed to demonstrate prejudice because he pleaded guilty to a "wobbler," the State was free to argue for the felony conviction at sentencing, and Abad knew

that imposition of sentence was at the discretion of the district court and if he was convicted of the felony he would be subject to automatic deportation. We conclude that the district court correctly assessed the validity of Abad's plea, Abad failed to demonstrate manifest injustice warranting withdrawal of his plea, and the district court did not abuse its discretion by denying Abad's motion to withdraw the plea. Therefore, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.            _____, J.
Parraguirre                     Cherry

cc:     Hon. Stefany Miley, District Judge
        Don P. Chairez
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk