An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JESS GUY ANSCOTT,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60655

FILED

JUL 2 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order by the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

On appeal from the denial of his petition filed on January 31, 2011, and his supplemental petition filed on September 23, 2011, appellant argues that the district court erred by denying his claims of ineffective assistance of trial counsel. To prove ineffective assistance of trial counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). We give deference to the court's factual findings if supported by substantial evidence and not clearly

13-21627

erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant argues that the district court erred in denying his claim that trial counsel was ineffective for failing to properly advise appellant about the risk of being sentenced as a habitual offender. Appellant asserts that counsel misrepresented that he would likely be sentenced under the large habitual criminal statute if he was convicted at trial, despite the non-violent nature of his prior felonies. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. Appellant negotiated a plea agreement in which he stipulated to small habitual criminal treatment in three separate cases. Counsel testified at the evidentiary hearing that she had discussed the sentencing options with appellant and informed him that large habitual criminal treatment was not mandatory but that appellant was eligible for it if he went to trial and lost in any of the three pending cases. She further testified that she had discussed with him the likelihood of his receiving a large habitual criminal sentence and informed him that it was unlikely that the district court judge would impose such a sentence for non-violent offenses but that she did not know about the risk with the other district court judges in his other cases.

In light of the record and counsel's testimony, we conclude that appellant failed to demonstrate that counsel did not properly advise him regarding his potential sentence. Furthermore, appellant failed to demonstrate a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty. Appellant received a substantial benefit in pleading guilty, as the State combined the two charges of possession of a stolen vehicle into one charge and stipulated to small habitual criminal

treatment rather than large habitual criminal treatment. The fact that appellant was sentenced under the large habitual criminal statute was due to his failure to appear for sentencing. Thus, the district court did not err in denying this claim.

Second, appellant argues that the district court erred in denying his claim that trial counsel was ineffective for failing to properly investigate defenses. Specifically, appellant claims that he provided counsel with a notarized affidavit by Dana Spalding showing that he had permission to use the motor home, which would have defeated the knowledge element of the offense of possession of a stolen vehicle. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. Counsel testified that she and her investigator attempted to contact Dana Spalding but were unable to locate her before appellant entered his guilty plea. Counsel further testified that she was not provided with the affidavit until after appellant pleaded guilty. Thus, appellant failed to demonstrate that counsel did not investigate a potential witness. Furthermore, appellant failed to demonstrate a reasonable probability that he would not have pleaded guilty but for counsel's alleged errors. Appellant did not explain why he entered a guilty plea if he had exculpatory evidence. In addition, because the notarized document related only to the use of the motor home and the charge related to two stolen vehicles, he could not demonstrate prejudice as he still would have been charged with possession of a stolen vehicle. Accordingly, the district court did not err in denying this claim.

Next, appellant argues that the district court erred by denying his claim that appellate counsel was ineffective for failing to "identify specific appellate issues" and provide the transcript of the plea canvass to

this court on direct appeal. Appellant failed to demonstrate prejudice, as he does not identify the issues that appellate counsel should have raised and did not explain how any issues would have been successful had appellate counsel provided transcripts on appeal. *See Kirksey*, 112 Nev. at 998, 923 P.2d at 1114; *see also Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court.").

Appellant also argues that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment, and he did not receive notice of the State's intent to seek large habitual criminal treatment. These claims were not raised below in his post-conviction petition and need not be considered on appeal. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 103 P.3d 25 (2004).

Finally, to the extent that appellant argues that he is entitled to relief because of cumulative error, he has failed to demonstrate any error. Therefore, the district court did not err in denying this claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Linda Marie Bell, District Judge
Matthew D. Carling
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk