An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL JOHN MOE,
Appellant,
vs.
GREG SMITH, WARDEN,
Respondent.

No. 62957

FILED

SEP 18 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Michael John Moe's post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

Moe contends that the district court erred by denying his claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27748

review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Moe contends that the district court erred by denying his claims that counsel was ineffective for failing to investigate and cross-examine witnesses to determine whether they heard him confess. Moe asserts that, if the witnesses heard him confess, counsel was ineffective for failing to question them regarding why the confession was not in their written reports, and if the witnesses did not hear him confess, counsel was ineffective for failing to present their testimony and video footage which would demonstrate that they would have heard the confession had it occurred. The district court denied these claims because it determined that counsel made a reasonable tactical decision not to investigate whether the witnesses heard the confession and Moe failed to demonstrate that the verdict would have otherwise been different. *See State v. Powell*, 122 Nev. 751, 759, 138 P.3d 453, 458 (2006) (tactical decisions must be supported by thorough investigations or "reasonable decisions that particular investigations are unnecessary"); *Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996) (an attorney's tactical decisions are virtually unchallengeable). The record supports these determinations, and we conclude that the district court did not err by denying these claims. *See Lyons*, 100 Nev. at 432-33, 683 P.2d at 505.

Second, Moe contends that the district court erred by denying his claims that counsel was ineffective for failing to object or request a continuance regarding the district court's order that there were only sixteen minutes left of trial and for presenting a minimal defense to

comply with the court's order. The district court denied these claims because it found credible counsel's testimony that he understood the district court's comment to refer to the time left in the day, he did not feel constrained by the comment, and he would have presented more evidence had he deemed it necessary. We conclude that the district court did not err by denying these claims.

Third, Moe contends that the district court erred by denying his claims that counsel was ineffective for failing to prepare and encourage him and his girlfriend to testify. The district court denied these claims because it found credible counsel's testimony that Moe did not want either of them to testify and because it concluded that Moe failed to demonstrate that the verdict would have otherwise been different. The record supports the district court's determinations and we conclude that it did not err by denying these claims.

Fourth, Moe contends that the district court erred by denying his claim that counsel was ineffective for failing to introduce evidence which would have supported claims made in the opening statement that he did not enter the business with intent to steal. Because the record demonstrates that this evidence, which consisted of a sales advertisement and casino receipt, was not indicative of Moe's intent and would not have changed the outcome at trial, we conclude that the district court did not err by denying this claim.

Fifth, Moe contends that the district court erred by denying his claims that counsel was ineffective for failing to present a theory of the defense instruction and for arguing jury nullification. The district court

denied these claims because it concluded that the jury was properly instructed under the law and counsel made a strategic decision regarding which strategy to present. Although Moe has not provided each jury instruction for our review, the record indicates that the jury was instructed regarding intent related to burglary; Moe does not suggest what additional instructions counsel should have offered and fails to demonstrate that the verdict would have otherwise been different. We conclude that the district court did not err by denying these claims.

Sixth, Moe contends that the district court erred by denying his claim that counsel was ineffective for failing to contest the state's decision to seek habitual criminal adjudication. Moe contends that the prosecutor promised not to seek habitual criminal charges but did so as retaliation for Moe exercising his right to trial, and he would have pleaded guilty but for the prosecutor's promise that no habitual criminal charges would be filed. The district court denied this claim because it concluded that counsel did not have a valid basis to contest the filing of the notice and Moe's claim that he would have otherwise pleaded guilty was belied by the record. The record supports the district court's determinations and we conclude that it did not err by denying this claim.

Seventh, Moe contends that the district court erred by denying his claim that counsel was ineffective for failing to object, investigate, and move for a continuance after the prosecutor suggested at sentencing that Moe's friend planned to sell the stolen merchandise. The district court found credible counsel's testimony at the evidentiary hearing that he did not think an objection was warranted and his strategy was to focus on the

stale and nonviolent nature of Moe's prior convictions. Moe fails to demonstrate that his sentence would have otherwise been different. We conclude that the district court did not err by denying this claim.

Having considered Moe's contentions and concluded that they lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. Brent T. Adams, District Judge
Mary Lou Wilson
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk