An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL LAMONT MITCHELL,
Appellant,
vs.
GREG SMITH, WARDEN, NSP; AND
THE STATE OF NEVADA,
Respondents.

No. 62524

FILED

SEP 1 9 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Michael Lamont Mitchell's post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

First, Mitchell contends that the district court erred by denying his claims that counsel was ineffective for failing to have the jury properly instructed on the theory of defense and on voluntary intoxication as it relates to a specific intent crime. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness and resulting prejudice in that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). We give deference to the district court's factual findings but

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27914

review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

The district court denied these claims because it concluded that counsel squarely presented the issue of intent to the jury and a voluntary intoxication instruction wasn't warranted under the circumstances, and because the evidence against Mitchell, which included testimony that he confessed to entering the business with the intent to commit a larceny, was overwhelming. The record supports these determinations, and we conclude that the district court did not err by denying these claims.

Second, Mitchell contends that the district court erred by relying on impalpable and highly suspect evidence at sentencing, resulting in a cruel and unusual sentence. Although Mitchell notes that trial counsel did not object below and appellate counsel did not raise such on appeal, he does not argue that the district court erred by finding that counsel were not ineffective. Instead, he argues that this court should review his sentence for excessiveness and reasonableness in the first instance. We decline to do so. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991) (holding that this court need not consider arguments raised on appeal that were not presented to the district court in the first instance), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 103 P.3d 25 (2004). Even if we were to construe this claim as a claim arguing that the district court erred by finding that counsel was not ineffective at sentencing, we conclude that it lacks merit because the district court did not err by denying the claim.

Having considered Mitchell's contentions and concluded that he is not entitled to relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:   Hon. Patrick Flanagan, District Judge
      Karla K. Butko
      Attorney General/Carson City
      Washoe County District Attorney
      Washoe District Court Clerk