An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

BILL DONAT, WARDEN; AND GLENN
WHORTON, DIRECTOR, NEVADA
DEPARTMENT OF CORRECTIONS,
Appellants,
vs.
HAMID REZA HASHEMI,
Respondent.

No. 61265

FILED

OCT 16 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court granting a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Jerome Polaha, Judge.

The State argues that the district court erred by determining that respondent received ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We

SUPREME COURT
OF
NEVADA

(O) 1947A

13·31023

give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, the State argues that the district court erred by determining that trial counsel was ineffective for failing to impeach the victims' father, Robert Neale, with his statements that he was sexual with the oldest victim 12 to 13 times. The State failed to demonstrate error. Respondent was charged with several counts of sexual assault of a minor under the age of 14 and lewdness with a minor under the age of 14 committed against two victims, ages 4 and 6. Neale was also prosecuted for lewdness with a minor under the age of 14 committed against the older victim, pleaded guilty, and agreed to testify against respondent. Neale only testified regarding the one count he pleaded guilty to. Trial counsel, however, was provided with a copy of Neale's psychosexual examination which included statements that Neale had been sexual with the victim 12 to 13 times. Trial counsel was also provided with a copy of a transcript with the oldest victim indicating that she had been sexual with her father on numerous occasions and that it was okay because he was her father. The district court concluded that trial counsel failed to use this information to impeach Neale at trial or to establish that Neale was the actual perpetrator in the crimes alleged by the victims.[1] The district court

---

[1] Only the incident that Neale pleaded guilty to was used to impeach Neale at appellant's trial.

concluded that the failure to use this evidence was deficient and prejudiced respondent, especially in conjunction with the other error discussed below, and that there was a reasonable probability of a different outcome at trial had trial counsel used this evidence. Substantial evidence supports the decision of the district court, and we conclude that the district court did not err in granting the petition on this ground.[2]

Next, the State argues that the district court erred by determining that trial counsel was ineffective for failing to retain an expert to refute the findings of the sexual assault response nurse, Lily Clarkson. Specifically, the State argues that respondent failed to demonstrate that there was a prevailing professional norm to hire an expert or that there was prejudice. The State failed to demonstrate error. At the evidentiary hearing, counsel testified that he did not seek an independent review of Clarkson's findings because he worked for the contract public defender and was limited in funds to hire an expert. He further testified that he was unaware of *Widdis v. Second Judicial Dist. Court*, 114 Nev. 1224, 1228, 968 P.2d 1165, 1167 (1998), which allowed payment of reasonable defense costs at public expense, and that he could have sought funds through the court. At the evidentiary hearing, respondent presented an expert that refuted Clarkson's findings that

---

[2]The State also argues that the district court erred by determining that trial counsel was ineffective for failing to use the plea agreement and Neale's psychosexual evaluation to impeach Neale by demonstrating that he had a motive lie. In light of our decision, we decline to consider this claim.

there was any injury or scarring. The district court concluded that trial counsel should have retained an expert because an objectively reasonable lawyer would have attempted to impeach Clarkson since her testimony was particularly compelling. Further, the district court concluded that had trial counsel presented the expert's testimony and impeached Neale with his statements and the statement of the victim, there was a reasonable probability of different outcome at trial.[3] Substantial evidence supports the decision of the district court, and we conclude that the district court did not err in granting the petition.

Finally, the State argues that even if the district court was correct in its determination that trial counsel was ineffective, it should not have granted the petition as to count 4, the lewdness-with-a-minor count that was perpetrated against the oldest victim. The State argues that the district court's conclusion that Neale sexually assaulted the older victim 12 to 13 times and that Clarkson's physical findings were found to be erroneous do not negate count 4. The State fails to demonstrate error. The State appears to labor under the impression that the district court concluded that Neale's statement regarding "being sexual" with the older victim meant that he sexually assaulted the victim. Our review of the

---

[3]We note that the district court erroneously relied on a letter from the State regarding a Dr. Wagoner who was apparently hired by the State to review Clarkson's findings. The district court specifically found in its order regarding exhibits filed on November 16, 2011, that the letter constituted hearsay upon hearsay and was not testified about during the hearing. Therefore, it was error for the district court to rely on this letter in its findings of facts.

order does not demonstrate that the district court equated being sexual with sexual assault. In fact, the district court in its order referred to the "being sexual" as molestation and not sexual assault. As stated above, the district court's decision to grant the petition was supported by substantial evidence, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Jerome Polaha, District Judge
       Attorney General/Carson City
       Washoe County District Attorney
       Mary Lou Wilson
       Washoe District Court Clerk