OPINION ON REHEARING
 
 [1]
 

 By the Court, Hardesty, J.:
 

 The primary issue we address in this appeal is appellant Philip Lader’s post-conviction claim that his trial and appellate counsel were ineffective for failing to adequately argue that his two prior felony convictions for driving under the influence of alcohol (DUI) in Nevada could not be used to enhance a subsequent DUI conviction to a felony, pursuant to NRS 484.3792, and in the same criminal proceeding adjudicate him a habitual criminal, pursuant to NRS 207.010. Lader argues that such dual use or “stacking” of prior felony DUI convictions to achieve habitual criminal adjudication is prohibited because NRS 484.3792 provides a specific enhancement scheme for recidivist DUI offenders, while NRS 207.010 provides for a more general habitual criminal determination.
 

 We disagree. NRS 484.3792 and NRS 207.010 are compatible, and neither statute precludes the application of one to the other. Moreover, the argument advanced by Lader would lead to an unreasonable result that is contrary to both the purpose of habitual criminal adjudication and the interests of protecting the public from recidivist DUI offenders. We therefore affirm the district court’s denial of Lader’s claim on this issue, as well as its denial of several other claims raised by Lader seeking post-conviction relief.
 

 
 *685
 

 FACTS
 

 Lader has a long history of problems with alcohol and driving. The record reveals that he was first convicted of DUI in 1989 in California and was sentenced to probation and an alcohol program. He was convicted of another DUI in California that year and again sentenced to probation and an alcohol program. In April 1994, he was convicted of a third DUI in Reno — his first felony. He served more than a year in prison for that conviction. In January 1996, he was convicted of a fourth DUI in Reno — his second felony — and was sentenced to a prison term of 26 to 56 months. He was released in July 1998.
 

 On October 23, 1999, Lader was arrested in Reno for his fifth DUI. He was found guilty of a third felony DUI offense after a jury trial on February 2, 2000.
 
 [2]
 
 This conviction carried a mandatory prison term of 1 to 6 years.
 
 [3]
 
 At his sentencing hearing the following month, the State admitted, without objection, exhibits of Lader’s two prior felony DUI convictions in Nevada. Over the objection of both Lader and his trial counsel, however, the district court adjudicated Lader a habitual criminal and sentenced him to serve a term in prison of 8 to 20 years, which was the maximum sentence it could impose under the law.
 
 [4]
 

 Lader filed a direct appeal in this court, which was dismissed.
 
 [5]
 
 He filed a post-conviction petition for a writ of habeas corpus in the district court in proper person. The district court later appointed counsel who eventually filed a supplement to the petition. On June 27, 2002, a lengthy hearing was held after which the district court dismissed all of Lader’s post-conviction claims except one — whether Lader’s prior felony DUI convictions were properly used to enhance his instant DUI conviction to a felony pursuant to NRS 484.3792 and then also to adjudicate him a habitual criminal pursuant to NRS 207.010.
 

 After additional briefing on the matter, the district court issued an order on July 3, 2003, denying Lader relief on this claim, rea
 
 *686
 
 soning that the provisions of NRS 484.3792 and NRS 207.010 are folly compatible and lead ‘ ‘to the rational result that a more culpable drunk driver receives greater punishment.” This appeal followed.
 

 DISCUSSION
 

 Lader contends on appeal that his two prior felony DUI convictions in Nevada could not be properly used to enhance his instant DUI offense to a felony and, at the same time, adjudicate him a habitual criminal. He refers to the dual use of his prior felony DUI convictions as enhancement “stacking” and maintains that the district court erroneously denied his claim that his trial and appellate counsel were ineffective for failing to adequately raise this issue.
 

 A claim of ineffective assistance of counsel presents a mixed question of law and fact that is subject to independent review.
 
 [6]
 
 However, a district court’s factual findings will be given deference by this court on appeal, so long as they are supported by substantial evidence and are not clearly wrong.
 
 [7]
 

 To establish that counsel’s assistance was ineffective, a petitioner must satisfy a two-part test.
 
 [8]
 
 First, he must demonstrate that his trial or appellate counsel’s performance was deficient, falling below an objective standard of reasonableness.
 
 [9]
 
 Second, he must show prejudice.
 
 [10]
 
 Where the claim involves trial counsel, prejudice is demonstrated by showing that, but for trial counsel’s errors, there is a reasonable probability that the result of the proceedings would have been different.
 
 [11]
 
 Where the claim involves appellate counsel, prejudice is demonstrated by showing that an omitted issue had a reasonable probability of success on appeal.
 
 [12]
 
 Both parts of the test do not need to be considered if an insufficient showing is made on either one.
 
 [13]
 

 
 *687
 
 We have not previously addressed the relation, if any, between NRS 484.3792 and NRS 207.010 as presented under the facts of this case. Other jurisdictions have decided this issue and reached opposite conclusions.
 
 [14]
 
 Resolution of this dispute requires the court to interpret its own state statutes and is not an issue of constitutional dimension.
 
 [15]
 

 Statutory interpretation is a question of law subject to independent review.
 
 [16]
 
 When the language of a statute is clear, we will ascribe to the statute its plain meaning and not look beyond its language.
 
 [17]
 
 However, when the language of a statute is ambiguous, the intent of the Legislature is controlling.
 
 [18]
 
 In such instances, we will interpret the statute’s language in accordance with reason and public policy.
 
 [19]
 

 We also keep in mind two maxims of statutory construction. When the scope of a criminal statute is at issue, ambiguity should be resolved in favor of the defendant.
 
 [20]
 
 And when a specific statute is in conflict with a general one, the specific statute will take precedence.
 
 [21]
 

 Here, Lader argues that the specific enhancement provisions of NRS 484.3792 supersede the more general enhancement provisions found in NRS 207.010. Because the Legislature provided an internal graduated enhancement scheme for repeat DUI offenders in NRS 484.3792, Lader argues, the Legislature intended to prohibit the dual use or “stacking” of prior felony DUI convictions to achieve both a felony DUI conviction and habitual criminality pursuant to NRS 207.010.
 
 [22]
 
 Rather, he maintains that NRS 484.3792 provides “the exclusive penalty” scheme for DUI
 
 *688
 
 offenders, no matter how many DUI convictions a defendant incurs.
 

 The relevant language of NRS 484.3792 provides:
 

 1. Unless a greater penalty is provided pursuant to NRS 484.3795, a person who violates the provisions of NRS 484.379 [proscribing DUI]:
 

 (c) For a
 
 third or subsequent offense
 
 within 7 years, is guilty of a category B felony and shall be punished by imprisonment in the state prison for a minimum term of not less than 1 year and a maximum term of not more than 6 years ....
 

 (Emphasis added.)
 

 Lader focuses our attention on the phrase “third or subsequent offense” and asserts that this language supports his argument. This phrase plainly encompasses any DUI offense after a defendant’s second — whether it is his third or thirteenth. Yet, NRS 484.3792 is silent as to whether DUI offenses are to be included or excluded from the purview of NRS 207.010, the habitual criminal statute.
 

 Turning to the relevant language of NRS 207.010, it provides:
 

 1. Unless the person is prosecuted pursuant to NRS 207.012 or 207.014, a person convicted in this state of:
 

 (a) Any crime of which fraud or intent to defraud is an element, or of petit larceny, or of
 
 any felony,
 
 who has previously been two times convicted, whether in this state or elsewhere, of any . . . felony ... is a habitual criminal and shall be punished for a category B felony by imprisonment in the state prison for a minimum term of not less than 5 years and a maximum term of not more than 20 years.
 

 (Emphasis added.)
 

 We have previously interpreted the meaning of the phrase “any felony” in NRS 207.010(l)(a) to be plain and clear
 
 [23]
 
 and upheld the application of this habitual criminal statute to a broad range of felony convictions. Nothing in the plain language of NRS 207.010 excludes a felony DUI conviction pursuant to NRS 484.3792 from its purview. Rather, the scope of the phrase “any felony” appears on its face to include a felony DUI.
 

 Although the language of NRS 484.3792 and NRS 207.010 is clear and unambiguous when read in isolation, when read together the two phrases “third or subsequent offense” found in NRS 484.3792 and “any felony” found in NRS 207.010 appear to compete. We conclude that there is no conflict creating an ambiguity.
 

 
 *689
 
 Adjudication of a defendant as a habitual criminal pursuant to NRS 207.010 was intended to increase and supersede the punishment for a recidivist criminal beyond any sentence he would otherwise face.
 
 [24]
 
 To shield DUI offenders from habitual criminal adjudication, as Lader urges, would thwart the very purpose of NRS 207.010.
 

 Moreover, numerous other criminal statutes in Nevada contain graduated enhancement provisions, many of which employ “subsequent offense” language similar to that found in NRS 484.3792.
 
 [25]
 
 The language and structure of NRS 484.3792 are therefore not unique. Extending Lader’s argument to its logical conclusion would mean not only that a recidivist drunk driver could never be adjudicated a habitual criminal based on violations of NRS 484.3792 alone — no matter how many DUI convictions he incurred — but that recidivist offenders under similar statutes could not be adjudicated habitual criminals as long as their subsequent offenses were simply repeated violations of that single statute. We conclude that such an interpretation of NRS 484.3792 and NRS 207.010 advances an unreasonable result that is contrary to the interests of protecting Nevada’s citizens and its visitors from the dangers of recidivist drunk drivers, as well as other recidivist criminals.
 

 Although ambiguity in a criminal statute should generally be resolved in a defendant’s favor, this maxim of construction will not prevail when an unreasonable result follows. Lader’s arguments advance such a result. Rather, we conclude that the provisions of NRS 484.3792 and NRS 207.010 are compatible, not in conflict. Any effort by Lader’s trial or appellate counsel to more thoroughly argue this issue would have met no success.
 
 [26]
 
 We therefore conclude that the district court properly denied Lader relief on his claim that his trial and appellate counsel were ineffective on this basis.
 

 
 *690
 
 Lader also raises several other claims of ineffective assistance of counsel regarding alleged trial errors including the failure to adequately prepare and present a viable defense; the failure to properly challenge on various grounds the testimony of a State witness; the failure to object to a remark by the prosecutor; the failure to present mitigating evidence at his sentencing hearing, such as evidence of his character, his medical records, and testimony by a psychological expert; the failure to argue that the State engaged in a vindictive prosecution against him; and the failure to argue that his prior felony DUI convictions were nonviolent in nature and improperly relied upon to establish habitual criminality.
 

 We have carefully reviewed each of these claims, and we conclude that they were either insufficiently pleaded below
 
 [27]
 
 or lacked the necessary showing of deficient performance by counsel and prejudice to entitle Lader to post-conviction relief.
 
 [28]
 
 The district court did not err by denying Lader relief based upon them.
 

 In addition to his claims of ineffective assistance of counsel, Lader also appeals from the district court’s denial of other post-conviction claims he raised.
 

 Lader contends that the district court erred in relying upon copies of his 1994 and 1996 felony DUI convictions at his sentencing hearing to adjudicate him a habitual criminal because the district court failed to make any specific factual findings as to whether those prior convictions were constitutionally valid. This claim, however, should have been raised by Lader on direct appeal and is now barred from review pursuant to NRS 34.810(l)(b)(2) absent a showing of good cause and prejudice.
 
 [29]
 
 Lader fails to make such a showing. Nor does he show that the denial of his claim on procedural grounds would result in a fundamental miscarriage of justice.
 
 [30]
 
 The district court did not err by denying relief on this claim.
 

 Lader also contends that the district court abused its discretion in adjudicating him a habitual criminal and that his sentence was cruel and excessive. However, this court already rejected these claims on direct appeal. Our prior determinations are the law of
 
 *691
 
 the case and bar relitigation of these issues.
 
 [31]
 
 These claims were also properly denied below.
 

 CONCLUSION
 

 NRS 484.3792 and NRS 207.010 do not create a dual use or “stacking” of prior felony DUI convictions to render a subsequent DUI conviction a felony and then also to establish habitual criminality in the same proceeding. Rather, the purpose of habitual criminal adjudication and the interest of protecting the public from recidivist DUI offenders support an increased punishment beyond the sentence imposed by the underlying felony. Lader’s trial and appellate counsel were not ineffective with respect to this issue. We therefore affirm the district court’s denial of post-conviction relief on this claim, as well as Lader’s other claims.
 

 Rose and Gibbons, JJ., concur.
 

 [1]
 

 On June 15, 2005, we entered an order affirming in part, reversing in part, and remanding this matter for further evidentiary proceedings. Thereafter, we entered an order granting the State’s petition for rehearing and withdrawing our order of June 15, 2005. We now issue this opinion in place of the prior order of June 15, 2005.
 

 [2]
 

 Lader was originally found guilty of committing three felony offenses: driving under the influence of intoxicating liquor, driving while having 0.10 percent or more by weight of alcohol in his blood, and having a blood alcohol content of 0.10 percent by weight of alcohol in his blood within two hours of driving. The district court later merged these three felonies into a single offense of violating NRS 484.379 and NRS 484.3792.
 

 [3]
 

 NRS 484.379(l)(c).
 

 [4]
 

 See
 
 NRS 193.130; NRS 207.010;
 
 see also Breault
 
 v.
 
 State,
 
 116 Nev. 311, 314, 996 P.2d 888, 889 (2000).
 

 [5]
 

 Lader
 
 v.
 
 State,
 
 Docket No. 35936 (Order Dismissing Appeal, July 26, 2000).
 

 [6]
 

 Kirksey v. State,
 
 112 Nev. 980, 987, 923 P.2d 1102, 1107 (1996).
 

 [7]
 

 Riley v. State,
 
 110 Nev. 638, 647, 878 P.2d 272, 278 (1994).
 

 [8]
 

 Strickland v. Washington,
 
 466 U.S. 668, 687 (1984);
 
 Kirksey,
 
 112 Nev. at 987-88, 923 P.2d at 1107.
 

 [9]
 

 Strickland,
 
 466 U.S. at 687-88.
 

 [10]
 

 Id.
 
 at 687.
 

 [11]
 

 Id.
 
 at 694.
 

 [12]
 

 Kirksey,
 
 112 Nev. at 998, 923 P.2d at 1114.
 

 [13]
 

 Strickland,
 
 466 U.S. at 697.
 

 [14]
 

 Compare People v. Coronado,
 
 906 P.2d 1232 (Cal. 1995),
 
 People
 
 v.
 
 Bewersdorf,
 
 475 N.W.2d 231 (Mich. 1991),
 
 and State
 
 v.
 
 Ewanchen,
 
 799 S.W.2d 607 (Mo. 1990),
 
 with Lawson v. State,
 
 746 S.W.2d 544 (Ark. 1988),
 
 State v. Anaya,
 
 933 P.2d 223 (N.M. 1996),
 
 and Carroll v. Solem,
 
 424 N.W.2d 155 (S.D. 1988).
 

 [15]
 

 See State
 
 v.
 
 Chapman,
 
 287 N.W.2d 697, 699 (Neb. 1980).
 

 [16]
 

 State v. Kopp,
 
 118 Nev. 199, 202, 43 P.3d 340, 342 (2002).
 

 [17]
 

 Banegas
 
 v.
 
 SIIS,
 
 117 Nev. 222, 225, 19 P.3d 245, 247 (2001).
 

 [18]
 

 Id.
 

 [19]
 

 Id.
 

 [20]
 

 Demosthenes v. Williams,
 
 97 Nev. 611, 614, 637 P.2d 1203, 1204 (1981).
 

 [21]
 

 Gaines v. State,
 
 116 Nev. 359, 365, 998 P.2d 166, 170 (2000).
 

 [22]
 

 Because Lader was adjudicated a habitual criminal pursuant to NRS 207.010, we conclude that his arguments on appeal based upon NRS 207.012 are misplaced.
 

 [23]
 

 See Hardison
 
 v.
 
 State,
 
 84 Nev. 125, 129, 437 P.2d 868, 871 (1968).
 

 [24]
 

 See Tanksley v. State,
 
 113 Nev. 997, 1004, 946 P.2d 148, 152 (1997);
 
 Lisby
 
 v.
 
 State,
 
 82 Nev. 183, 189-90, 414 P.2d 592, 596 (1966).
 

 [25]
 

 See, e.g.,
 
 NRS 200.485 (domestic battery); NRS 200.5099 (elder abuse); NRS 200.730 (possession of child pornography); NRS 201.195 (soliciting a minor to engage in crimes against nature); NRS 201.210 (open or gross lewdness); NRS 201.220 (indecent or obscene exposure); NRS 202.300 (use or possession of a firearm by a child); NRS 202.350 (manufacture, importation, or possession of a dangerous weapon or carrying a concealed weapon without a permit); NRS 453.321 (sale or manufacture of a controlled substance); NRS 453.336 (possession of a controlled substance); NRS 453.401 (conspiracy to commit an offense involving a controlled substance).
 

 [26]
 

 The record reveals some discussion during Lader’s sentencing hearing between his trial counsel and the district court as to whether Nevada’s statutes permit the adjudication of a recidivist DUI offender as a habitual criminal.
 

 [27]
 

 See Hargrove
 
 v.
 
 State,
 
 100 Nev. 498, 502, 686 P.2d 222, 225 (1984).
 

 [28]
 

 See Strickland,
 
 466 U.S. at 687-88, 697;
 
 Kirksey,
 
 112 Nev. at 987-88, 998, 923 P.2d at 1107, 1113-14.
 

 [29]
 

 Evans
 
 v.
 
 State,
 
 117 Nev. 609, 646-47, 28 P.3d 498, 523 (2001); NRS 34.810(3).
 

 [30]
 

 See Mazzan
 
 v.
 
 Warden,
 
 112 Nev. 838, 842, 921 P.2d 920, 922 (1996).
 

 [31]
 

 Hall v. State,
 
 91 Nev. 314, 315-16, 535 P.2d 797, 798-99 (1975).