An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

AARON NEWMON,
Appellant,
vs.
E.K. MCDANIEL, WARDEN,
Respondent.

No. 61721

**FILED**

JUN 12 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _R. Malone_
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Aaron Newmon's post-conviction petition for a writ of habeas corpus. Seventh Judicial District Court, White Pine County; Dan L. Papez, Judge.

Newmon contends that the district court erred by not finding that trial counsel was ineffective for failing to present additional evidence relevant to his theory of self-defense.[1] Newmon specifically claims that counsel should have called the victim to testify and introduced evidence pertaining to his "violent propensities" and criminal history. We disagree with Newmon's contention.

When reviewing the district court's resolution of an ineffective-assistance claim, we give deference to the court's factual findings if they are supported by substantial evidence and not clearly wrong but review the court's application of the law to those facts de novo.

---

[1]After a one-day jury trial presided over by the Honorable Robert E. Estes, District Judge, Newmon was convicted of battery by a prisoner.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-17802

*Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). Here, the district court conducted an evidentiary hearing, heard testimony from the victim and Newmon's trial counsel, and concluded that counsel's performance was not deficient and Newmon failed to demonstrate prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Kirksey v. State*, 112 Nev. 980, 987, 923 P.2d 1102, 1107 (1996). The district court's finding is supported by substantial evidence and not clearly wrong, and Newmon has not demonstrated that the district court erred as a matter of law. Therefore, we conclude that the district court did not err by rejecting Newmon's claim.

Newmon also contends that the district court erred by not finding that trial counsel was ineffective for failing to (1) communicate honestly with him, (2) move for a change of venue, (3) move to disqualify the trial judge, (4) notify him that the State, in its case-in-chief, intended on calling the prison nurse who treated him and the victim after the incident, (5) object to unfavorable jury instructions, (6) object to the inclusion of his prison disciplinary record in the presentence investigation report, and (7) object to prosecutorial misconduct. Newmon, however, offers no argument or citation to legal authority in support of these claims, therefore, we need not address them. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). Nevertheless, based on our review of the record on appeal, we conclude that the district court did not err by rejecting Newmon's ineffective-assistance claims. *See Lader*, 121 Nev. at 686, 120

P.3d at 1166; *see also Strickland*, 466 U.S. at 687-88, *Kirksey*, 112 Nev. at 987, 923 P.2d at 1107. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Seventh Judicial District Court Dept. 2
       Christopher R. Oram
       Attorney General/Carson City
       Attorney General/Ely
       White Pine County Clerk