An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMIERL DEVINE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62961



FILED

SEP 18 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant argues that the district court erred by denying his claim that counsel was ineffective for not informing him about a plea offer made by the State before the preliminary hearing. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27719

the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

The Supreme Court has recognized that defense counsel has a duty to communicate formal plea offers and that to demonstrate prejudice a defendant must show a reasonable probability that he would have accepted the more favorable plea but for counsel's deficient performance and that the plea would have been entered without the State canceling it or the district court refusing to accept it. *Missouri v. Frye*, 566 U.S. \_\_\_, 132 S. Ct. 1399, 1409 (2012). After conducting an evidentiary hearing, the district court found counsel's testimony credible, concluding, based on that testimony, that counsel conveyed the subject offer to appellant and that appellant declined the offer and proceeded with the preliminary hearing. Because the district court's factual findings are supported by the record and its legal conclusions are sound, we conclude that appellant's post-conviction petition was properly denied. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

---

[1]Despite counsel's verification that the fast track response complies with the formatting requirements of NRAP 32(a)(4), the fast track response does not comply because it is not double spaced. *See* NRAP 3C(h)(1). We caution respondent's counsel that future failure to comply with the Nevada Rules of Appellate Procedure when filing briefs with this court may result in the imposition of sanctions. *See* NRAP 3C(n); NRAP 28.2(b).

cc:   Hon. Michelle Leavitt, District Judge
      Nguyen & Lay
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk