An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BRYSON TYLER LOKKEN,
Appellant,
vs.
JACK PALMER, WARDEN,
Respondent.

No. 60898



FILED

OCT 16 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

On appeal, appellant claims that the district court erred in denying his claims of ineffective assistance of counsel raised in his May 28, 2009, petition and his November 20, 2009, supplemental petition. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's

SUPREME COURT
OF
NEVADA

(O) 1947A

13-31024

application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant claims that trial counsel was ineffective for failing to retain and present an expert to refute the findings of the nurse who examined the victim after the sexual assault. Appellant claims that had trial counsel retained an expert, that expert would have testified that there were no injuries to the victim in this case. Appellant failed to demonstrate he was prejudiced. The district court concluded that the expert's testimony would not have resulted in a reasonable probability of a different outcome at trial. Substantial evidence supports the decision of the district court. The expert conceded that the absence of injury in sexual assault cases is just as likely as the presence of physical injury. Further, appellant admitted to having forceful sex with the victim. *Lokken v. State*, Docket No. 49147 (Order of Affirmance, June 4, 2008). Therefore, the district court did not err in denying this claim.

To the extent that appellant claims that the district court erred by not taking into consideration a case in front of a different district court that found trial counsel in the other case ineffective for failing to retain an expert, appellant fails to demonstrate he is entitled to relief. The facts and circumstances of the two cases were vastly different and, as stated above, appellant failed to demonstrate that calling the expert at trial would have resulted in a reasonable probability of a different outcome. Therefore, the district court did not err by not taking the other case into consideration in its decision.

Second, appellant claims that trial counsel was ineffective for failing to encourage appellant to testify. The State argues that this claim differs from his claim raised below in his supplemental petition. In his

supplemental petition, appellant claimed that trial counsel was ineffective for advising him not to testify and that he waived his right to testify "under duress." While the claim on appeal is worded differently, it is essentially the same claim, and therefore, we elect to consider the claim, *c.f. Walch v. State*, 112 Nev. 25, 30, 909 P.2d 1184, 1187 (1996) (stating that generally this court need not address issues raised for the first time on appeal), and we conclude that appellant failed to demonstrate that counsel was deficient.

At the evidentiary hearing, trial counsel testified that he did not advise appellant either way. He merely presented the pros and cons of testifying and left appellant to make the decision. Appellant testified that trial counsel discussed the pros and cons but also claimed that trial counsel told him he would not be able to appeal if he testified because he would be admitting to conduct constituting the crimes charged. Trial counsel stated he never told appellant he could not appeal if he testified. After the evidentiary hearing, the district court determined that appellant failed to demonstrate that trial counsel told him not to testify, appellant understood it was his choice whether to testify, and appellant chose not to. Substantial evidence supports the decision of the district court, and therefore, the district court did not err in denying this claim.

Third, appellant claims that trial counsel was ineffective for failing to thoroughly investigate witnesses who were called at trial and other witnesses who were not called at trial. Appellant failed to demonstrate that he was prejudiced. After the evidentiary hearing, the district court concluded that the additional information that appellant wanted trial counsel to present through the witnesses was information that was already presented at trial through other witnesses and that the

information was merely cumulative. Further the district court concluded that these witnesses may have weakened appellant's case because the witnesses contradicted each other regarding how long the victim and appellant were together, the type of sexual activity engaged in, who was present outside the home of the appellant after the crime occurred, when the crime occurred, and whether the door of appellant's bedroom was open or closed. Substantial evidence supports the decision of the district court, and therefore, the district court did not err in denying this claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.



_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Connie J. Steinheimer, District Judge
Mary Lou Wilson
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk