An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DUSHON NICHALOS GREEN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61858

FILED

MAY 13 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

On appeal from the denial of his April 6, 2010, petition and supplemental petitions, appellant argues that the district court erred in denying his claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of

14-15485

the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant argues that his trial counsel, Mr. Michael Gowdey, was ineffective for allegedly stipulating in the proceedings on a motion to suppress evidence that there was no proof that a DNA sample taken by the Department of Parole and Probation (the Department) was at the behest of the Las Vegas Metropolitan Police Department (Metro). Appellant asserts that this affected his ability to litigate the issue later in a motion to reconsider and on appeal and that this concession should not have been made without further investigation.

Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Trial counsel did not stipulate to the fact that the Department was not acting on behalf of Metro, but rather trial counsel conceded that he had no evidence that the Department was acting on behalf of Metro when the DNA sample was taken. This concession, which was not objectively unreasonable as counsel did not have evidence of collusion between the Department and Metro and did investigate this point in discovery, did not affect appellant's ability to litigate the issue if evidence could be found at a later time. In fact, attorneys who succeeded Mr. Gowdey in representing appellant did litigate a motion to reconsider the denial of the motion to suppress with a Metro report that they discovered with further investigation. This report, which was not provided to this court for review but is described as having been written in 1998, did not establish evidence of collusion in the taking of the DNA sample in 2002. At the evidentiary hearing, appellant's former trial counsel testified that they investigated but could not find any evidence that the Department was working at the behest of Metro in

obtaining the DNA sample from appellant. Appellant also litigated the denial of his motion to suppress and the motion for reconsideration on direct appeal, and this court concluded that although the DNA sample taken by the Department was illegally obtained, the exclusionary rule did not apply because the DNA sample was taken in an improper search relating to another crime, there was no evidence that the probation officer knew the sample would become useful in identifying appellant for the crimes in the instant case, and it was reasonable to believe that the violation of appellant's rights was due to an unintentional mistake. *Green v. State*, Docket No. 50756 (Order of Affirmance, July 31, 2009). Appellant continues to fail to present satisfactory evidence demonstrating the underlying premise of his claim—that the Department acted at the behest of Metro in obtaining his DNA sample.[1] Appellant further fails to demonstrate a reasonable probability of a different outcome had counsel conducted further investigation or had counsel not conceded to the lack of evidence at the hearing on the original motion to suppress evidence. Therefore, we conclude that the district court did not err in denying this claim.[2]

---

[1]An affidavit prepared by Detective Love, the first lead investigator, indicated that appellant was not a target in their investigation. Detective Courtney, the subsequent lead investigator, testified that appellant was not a suspect until 2004 when the positive result from the DNA sample was returned. Appellant's testimony to the contrary that he was a target was unpersuasive to the district court, and substantial evidence supports this conclusion.

[2]To the extent that appellant argues that his appellate counsel, Mr. Martin Hart, was ineffective for failing to provide authority for an argument that an evidentiary hearing should have been conducted on the motion to suppress and motion to reconsider, appellant fails to

*continued on next page...*

Second, appellant argues that his trial counsel were ineffective for failing to present any defense witnesses to support the defense theory that he wanted to present—that Metro framed him. Appellant asserts that he informed counsel of witnesses that would verify his account that he had been harassed by the police for years before his arrest in this case.

Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Trial counsel is constitutionally deficient only when counsel fails to make objectively reasonable choices, *Bobby v. Van Hook*, 558 U.S. 4, 9 (2009), and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Strategic decisions made after a thorough investigation of the facts and law are virtually unchallengeable. *Id*. at 690. The three attorneys who testified at the evidentiary hearing confirmed that appellant had informed them of his belief that he was being framed for the crimes. The attorneys further testified, however, that they had investigated his allegations and could not find evidence to support the allegations at trial. Appellant fails to demonstrate that it was objectively unreasonable for his trial attorneys, Ms. Susan Burke and Mr. Hart, to choose a strategy of attacking the weaknesses in the State's case rather than presenting the "framed" theory of defense favored by appellant. In light of the overwhelming evidence of guilt, namely the DNA evidence, the partial palm print at one crime scene, and the identification by two victims, appellant fails to demonstrate that there was a reasonable probability of a different outcome at trial had trial

---

...*continued*
demonstrate his appellate counsel was ineffective. *See Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996).

counsel presented his "framed" theory of defense. Therefore, we conclude that the district court did not err in denying this claim.

Finally, appellant appears to argue that cumulative error warrants relief. First, we note that appellant's attempt to incorporate by reference the claims raised below without identification of the specific claims, cogent argument or relevant legal authority, is improper, and we decline to consider those claims raised only in the proceedings below. *See Maresca v. State*, 103 Nev. 669, 673 748 P.2d 3, 6 (1987). Because appellant failed to demonstrate any error in the claims raised on appeal, this claim is without merit. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Carolyn Ellsworth, District Judge
Justice Law Center
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A