An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

DEMAR RAHYME BARNES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64801

FILED

JUN 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

In his petition filed on September 26, 2013, appellant claimed that he received ineffective assistance of counsel. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). We give deference to

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

14-19167

the court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant claimed that counsel was ineffective because he did not do a proper investigation into the incident. Specifically, appellant claims that counsel failed to hire a private investigator, investigate the complicity of the mother of the victim, obtain the temperature of the water, speak to the doctor to get more information regarding the injury, review the pictures taken of the victim the day after the injury occurred, retain a medical expert, obtain all the discovery from the State, and investigate the history of the victim. Appellant failed to demonstrate that counsel was deficient or that he was prejudiced. First, appellant agreed to plead guilty before the preliminary hearing which negated counsel's duty to investigate further. Second, the child victim was severely burned while in the sole care and custody of appellant. Appellant also failed to get the victim necessary medical treatment and appellant's treatment of the victim made the injury much worse. Therefore, appellant failed to demonstrate a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial had counsel further investigated, and the district court did not err in denying this claim.

Second, appellant claimed that counsel was ineffective for failing to investigate appellant's competency because appellant lacked the ability to comprehend "American English" and customs. Appellant failed to demonstrate that counsel was deficient. Appellant failed to demonstrate that he could not understand the proceedings. Appellant is a

native of Jamaica and his language is English. During the plea canvass and sentencing, appellant answered all of the questions asked of him appropriately. Further, the district court specifically asked appellant if he read, wrote, and understood the English language, which appellant answered in the affirmative. Therefore, the district court did not err in denying this claim.

Third, appellant claimed that counsel coerced him into pleading guilty by telling him he would get probation and by not explaining the consequences of the plea to him. Specifically, appellant claimed that counsel told him he would get probation even though appellant is a foreign national and counsel did not explain to him that he had the right to a trial by jury. Appellant failed to demonstrate that counsel was deficient. First, appellant was informed in the guilty plea agreement and by the district court during the plea canvass that sentencing was up to the district court. Further, appellant stated to the district court during the plea canvass that he was not promised a specific sentence. Second, appellant was informed of the waiver of the right to trial by jury in the guilty plea agreement, which appellant indicated that he had read and understood, and by the district court during the plea canvass. Therefore, the district court did not err in denying this claim.

Fourth, appellant claimed that counsel told him he would get a gross misdemeanor. Appellant failed to demonstrate that counsel was deficient. Appellant was informed numerous times that he was pleading guilty to a category B felony. When he waived his preliminary hearing, the negotiations placed on the record at that hearing informed appellant that he was pleading to the felony. Further, appellant's plea agreement informed him he was agreeing to plead guilty to a category B felony. The

district court specifically asked him if he understood he was pleading guilty to a category B felony, and appellant answered in the affirmative. Therefore, the district court did not err in denying this claim.

Next, appellant claimed that appellate counsel was ineffective because he failed to raise any substantive issues on appeal. Appellant failed to demonstrate that appellate counsel was deficient or that he was prejudiced because appellant failed to demonstrate there were any issues that could have been raised on appeal that had a reasonable likelihood of success. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Therefore, the district court did not err in denying this claim.

Finally, appellant claimed that cumulative errors by counsel entitled him to relief. Because appellant failed to demonstrate any error by counsel, he necessarily failed to demonstrate cumulative error. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Hon. Jerome T. Tao, District Judge
Demar Rahyme Barnes
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A