An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARC CARDONA, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63793

**FILED**

JUL 23 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Appellant argues that the district court erred in denying his claim of ineffective assistance of counsel raised in his June 20, 2012, petition. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). We give deference to the court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's

application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Appellant argues that his counsel was ineffective for failing to include a provision in the guilty plea agreement that allowed appellant to retain the right to appeal the district court's denial of his motion for substitution of counsel. Appellant also argues that counsel should have also sought an interlocutory appeal regarding the denial of the motion. Appellant asserts that he sought the substitution of counsel because he wanted a new attorney that would pursue a different trial strategy and that he had a right to counsel of his choice.

Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Counsel testified at the evidentiary hearing that he attempted to preserve for direct appeal the denial of the substitution of counsel in the guilty plea agreement, but the State would not agree to the preservation of that issue. *See* NRS 174.035(3). Counsel testified that, despite the State's refusal to agree to the preservation of that issue, appellant still agreed to enter a guilty plea. Appellant fails to demonstrate that the actions of counsel in these circumstances were objectively unreasonable. In addition, appellant fails to demonstrate that objectively reasonable counsel would have attempted to file an interlocutory appeal regarding this issue, as he fails to demonstrate an appeal independent of his direct appeal would have been successfully pursued in this case. *See* NRS 177.045. Appellant fails to demonstrate a reasonable probability that he would have refused to plead guilty and would have insisted on trial had counsel made further efforts to

preserve this issue for direct appeal. Therefore, the district court did not err in denying this claim.

Having concluded that appellant is not entitled to relief, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:  Hon. Elizabeth Goff Gonzalez, District Judge
     Christopher R. Oram
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk