An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

WIL PAIGE PENNY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65363

**FILED**

OCT 15 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order dismissing a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

Appellant argues that the district court erred by denying his claims of ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of

SUPREME COURT
OF
NEVADA

(O) 1947A

14-34308

the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Appellant first argues that the district court erred by dismissing his claim that counsel was ineffective for not objecting to the admission of a victim impact letter, which referenced charges that had been dismissed pursuant to the plea negotiations, and the prosecutor's argument concerning that evidence. Counsel testified at the evidentiary hearing that she did not object to the victim impact evidence because she believed the letter was admissible under the plea agreement, as the prosecution was allowed to argue about the dismissed charges. While we cautioned the State against the use of that evidence on direct appeal, we cannot say that appellant suffered prejudice even assuming counsel should have objected to the evidence. The record shows that the sentencing court focused on the nature of the offense—robbery with the use of a firearm—appellant's alcohol and drug problem, and his criminal history, which included at least two felony convictions and absconding from parole. The district court's factual findings are supported by substantial evidence, and we conclude that appellant failed to demonstrate that the district court erred by dismissing this claim.

Appellant next argues that the district court erred by dismissing his claim that counsel was ineffective for not presenting mitigation evidence including his military records showing that he was seriously wounded, resulting in post-traumatic stress disorder (PTSD), a letter from his mother, evidence showing that he had been continuously employed, and a psychological evaluation. Counsel advised the sentencing court that appellant served two tours in the military and he suffered injuries from an explosion during the Gulf War; he became addicted to

alcohol; his father's death significantly affected him; and that he is in counseling. Also, the sentencing court was aware of the presentence investigation report (PSI), which noted appellant's PTSD and bipolar diagnoses. Further, counsel testified that appellant insisted on proceeding to sentencing despite not having received his military records. Additionally, counsel testified that, with appellant's consent, she did not present appellant's mother's letter because it was "rambling" and the PSI explained his childhood. Counsel also explained that appellant did not inform her that he was continuously employed and that in fact he had "quite a few periods of unemployment." Finally, counsel testified that she did not present the psychological evaluation because of the many discrepancies between what appellant told the mental health provider, what appellant had told her, and what she later learned from appellant's military records. Although appellant disputed aspects of counsel's testimony at the evidentiary hearing, matters of credibility are left to the district court. The district court's factual findings are supported by substantial evidence, and we conclude that appellant failed to demonstrate that the district court erred by dismissing this claim.[1]

---

[1]Appellant argues that the district court erred by dismissing his claim that appellate counsel was ineffective for not challenging his sentence as excessive under the Eighth Amendment. However, he did not raise this claim in his post-conviction petition below and therefore we will not consider it. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991) (observing that this court need not consider arguments raised on appeal that were not presented to the district court in the first instance), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 103 P.3d 25 (2004).

Having considered appellant's arguments and concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.[2]

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.
Parraguirre

_____Saitta_____, J.
Saitta

cc:     Hon. Scott N. Freeman, District Judge
        Karla K. Butko
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk

---

[2]Despite counsel's verification that the fast track statement complies with applicable formatting requirements, the fast track statement does not comply with NRAP 32(a)(4) because it does not have 1-inch margins on all four sides. *See* NRAP 3C(h)(1). We caution counsel that future failure to comply with Nevada Rules of Appellate Procedure when filing briefs with this court may result in the imposition of sanctions. *See* NRAP 3C(n); NRAP 28.2(b).