An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ERIKSEN RAUL LEIVA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64937

**FILED**

DEC 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant Eriksen Raul Leiva contends that the district court erred by denying his petition, in which he claimed that trial counsel was ineffective. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's

SUPREME COURT
OF
NEVADA

(O) 1947A

14-40300

application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Below, Leiva claimed that trial counsel was ineffective for failing to timely object to the State's violation of his right to confrontation, opening the door to the codefendant's proffer that violated his right to confrontation, and waiving his right to confrontation without his consent. At an evidentiary hearing, trial counsel testified that, as identity was not at issue, he had four theories for Leiva's defense: (1) self-defense, (2) defense of another, (3) heat of passion, and (4) lack of specific intent for attempted murder. Trial counsel stated that evidence of self-defense had to come in either through Leiva or the codefendant and that Leiva was not willing to take the stand. Knowing that some damaging statements from the codefendant's proffer would come in but not the whole statement, trial counsel made the decision to introduce a portion of the codefendant's proffer in which she said that the victim hit Leiva with a bat first. Leiva also testified at the hearing and said that trial counsel spoke with him during the trial about the use of the proffer. The district court determined that by introducing the codefendant's proffer, trial counsel waived Leiva's confrontational right as part of a defense strategy. The district court further found that Leiva failed to demonstrate that the outcome of the trial would have been different as the State presented overwhelming evidence of Leiva's guilt.

On appeal, Leiva asserts that the district court erred by denying his petition. "It has been consistently held that the accused may waive his right to cross examination and confrontation and that the waiver of this right may be accomplished by the accused's counsel as a matter of trial tactics or strategy." *Wilson v. Gray*, 345 F.2d 282, 286 (9th

Cir. 1965); *see United States v. Gamba*, 541 F.3d 895, 900 (9th Cir. 2008); *Dias v. State*, 95 Nev. 710, 714, 601 P.2d 706, 709 (1979). Here, the district court found that trial counsel waived Leiva's right to confrontation as part of a purposeful and logical defense strategy. *See Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996) (holding that tactical decisions are "virtually unchallengeable absent extraordinary circumstances") (internal quotation marks omitted). Our review of the record reveals that the district court's findings are supported by substantial evidence and are not clearly wrong, and Leiva has not demonstrated that the district court erred as a matter of law. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.      _____, J.
Pickering                               Saitta

cc:    Hon. Elissa F. Cadish, District Judge
       Nguyen & Lay
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk