# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
JUAN DELEON MANNING,
Respondent.

No. 66531

FILED

FEB 12 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal by the State from an order of the district court granting Juan DeLeon Manning's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

The State argues that the district court erred in granting relief on Manning's claim that trial counsel was ineffective for failing to make the charging document for his misdemeanor trespass conviction part of the trial record for his felony burglary case, which precluded this court from reviewing his argument on direct appeal that his trespass conviction and his burglary conviction were impermissibly redundant. Specifically, the State contends that trial counsel's performance was not deficient and, while the convictions were redundant, the proper remedy was reversal of the trespass conviction and not the burglary conviction.[1]

---

[1]The State also contends that, because this court previously remanded this case for an evidentiary hearing on a single claim of ineffective assistance of appellate counsel, the district court exceeded the scope of the remand by granting relief on a claim of ineffective assistance of trial counsel. We reject the State's argument that the district court was restricted to consideration of a single claim, as the remand order contained

*continued on next page . . .*

16-04680

When reviewing the district court's resolution of an ineffective-assistance claim, we give deference to the court's factual findings if they are supported by substantial evidence and not clearly wrong but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Here, the district court conducted an evidentiary hearing and heard testimony from Manning's trial counsel and appellate counsel. The district court determined that trial counsel's performance was objectively unreasonable and there was a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). We conclude that the district court's factual findings are supported by substantial evidence and the district court did not err in granting relief on Manning's claim of ineffective assistance of trial counsel because Manning's convictions for trespass and burglary arose from the same conduct and were mutually exclusive alternative offenses. *See* NRS 207.200 (excluding from the definition of trespass any acts that constitute burglary); *Braunstein v. State*, 118 Nev. 68, 79, 40 P.3d 413, 421 (2002) ("[W]e will reverse redundant convictions that do not comport with legislative intent." (internal quotation marks omitted)); *see also Jackson v. State*, 128 Nev., Adv. Op. 55, 291 P.3d 1274, 1278 (2012) (explaining that alternative-offense redundancy cases such as *Braunstein* prohibit a

---

*. . . continued*
no limiting language and directed the district court to appoint postconviction counsel to represent Manning. *See* NRS 34.750(3) (permitting counsel to supplement a postconviction petition after being appointed).

SUPREME COURT
OF
NEVADA

(O) 1947A

2

defendant from being convicted of two separate crimes for the same act when the crimes are statutorily defined as "mutually exclusive alternative offenses"). As for the State's contention that the appropriate relief for redundancy was vacatur of the lesser trespass conviction, this relief was not available here, as the district court only had jurisdiction over the burglary conviction and not the trespass conviction, which was obtained in municipal court. *See* Nev. Const., art. 6, § 6; NRS 5.050(2); NRS 207.200. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc:  Hon. Jessie Elizabeth Walsh, District Judge
     Attorney General/Carson City
     Clark County District Attorney
     Matthew D. Carling
     Eighth District Court Clerk