IN THE SUPREME COURT OF THE STATE OF NEVADA

SIMONE LUCILLE TAYLOR,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 69236

**FILED**

NOV 17 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Simone Taylor's March 15, 2012, postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge. Taylor argues that the district court erred in denying several claims of ineffective assistance of trial counsel. We affirm.

To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Kirksey v. State*, 112 Nev. 980, 987-88, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and a petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings regarding ineffective assistance of counsel but

16-35963

review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Taylor contends that counsel failed to adequately investigate her codefendants' violent propensities or research a defense or mitigation case based on duress. Taylor did not indicate what additional investigation counsel should have done regarding her codefendants or what such an investigation would have revealed. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004) (petitioner claiming counsel did not conduct adequate investigation must specify what a more thorough investigation would have uncovered). Also, the law in Nevada does not support a mitigation argument based on duress as Nevada has no equivalent to other states' statutes specifically providing that duress can reduce the level of culpability for a homicide.[1] Finally, Taylor received a substantial benefit in exchange for her guilty plea to robbery with use of a deadly weapon and second-degree murder; in particular, she avoided trial and possible conviction on the more serious first-degree-murder charge and on five other felony charges. Accordingly, Taylor did not show deficient performance or prejudice. The district court therefore did not err in denying this claim.

---

[1]Taylor's reliance on *United States v. Alexander*, 695 F.2d 398 (9th Cir. 1982), and *United States v. LaFleur*, 971 F.2d 200 (9th Cir. 1991), is misplaced. Both cases involved federal murder charges, and while *Alexander* did not decide whether duress mitigates murder to voluntary manslaughter, the Ninth Circuit later considered that issue in *LaFleur* and determined that duress does not mitigate a first-degree-murder charge to voluntary manslaughter. *See LaFleur*, 971 F.2d at 206; *Alexander*, 695 F.2d at 401.

Second, Taylor contends that counsel failed to move to suppress her statements to police over the course of three interviews.[2] As to the first interview, Taylor failed to demonstrate that she was not advised of her rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), where the interviewing detective testified that Taylor was read her rights under *Miranda* and that she acknowledged that she understood and waived those rights. As to the second interview, Taylor failed to demonstrate that she was in custody. Although she cited to some relevant factors, she did not address the circumstances surrounding the second interview, including that she invited the detectives over, the interview took place in her mother's home while her mother was present, the detectives were focused on her codefendants, and they ended the interview without arresting her. *See, e.g., Avery v. State*, 122 Nev. 278, 287, 129 P.3d 664, 670 (2006) (concluding interviewee who had become focus of investigation and was arrested at conclusion of interview was not "in custody" where he was questioned at home into which he had invited detectives, consented to the interview, and was not restrained, and the questions were not unduly repetitive); *cf. Krueger v. State*, 92 Nev. 749, 557 P.2d 717 (1976) (holding that voluntary interview became custodial interrogation when, in course of answering questions, defendant shifted from "mere suspect" to focus of the investigation). As to the third interview, Taylor did not demonstrate any defect in the first two interviews and thus failed to demonstrate that the third interview was

---

[2]Although all three interviews were recorded, Taylor failed to provide this court with recordings or transcripts necessary for our review. *See* NRAP 30. Review of this claim is possible only because the State provided transcripts of the second and third interviews.

SUPREME COURT
OF
NEVADA

(O) 1947A

tainted. Finally, Taylor did not demonstrate that her statements were not voluntary. Of the factors relevant to voluntariness, Taylor addressed only one—her low average IQ and lack of education. *See Rosky v. State*, 121 Nev. 184, 193-94, 111 P.3d 690, 696 (2005) (listing relevant factors). For these reasons, Taylor did not show deficient performance based on trial counsel's failure to file a motion to suppress. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006) (counsel is not ineffective for failing to file futile motions). The district court therefore did not err in denying this claim.

Third, Taylor contends that counsel failed to adequately communicate with her before she entered her guilty plea. Taylor admitted at the evidentiary hearing that she saw counsel or his staff "quite often," and she did not specify what additional communication was necessary. Taylor was not entitled to a meaningful attorney-client relationship. *See Morris v. Slappy*, 461 U.S. 1, 14 (1983). Although Taylor claims that counsel failed to inform her of a valid defense, she does not specify what that defense might be. Finally, Taylor does not argue that, but for the perceived lack of communication, she would have insisted on going to trial. Accordingly, Taylor failed to show deficient performance or prejudice. The district court therefore did not err in denying this claim.

Fourth, Taylor contends that counsel failed to adequately communicate the consequences of pleading guilty. Taylor acknowledged in her guilty-plea agreement and during the plea colloquy that she understood the potential sentences she was facing, the sentencing judge's discretion, and that she was giving up her right to a jury trial. She does not identify any consequences she did not understand or argue that, but for the perceived lack of communication about those consequences, she

would have insisted on going to trial. Accordingly, Taylor failed to show deficient performance or prejudice. The district court therefore did not err in denying this claim.

Finally, Taylor contends that the cumulative errors of trial counsel warrant relief. Even assuming that multiple deficiencies in counsel's performance may be cumulated to establish prejudice, *see McConnell v. State*, 125 Nev. 243, 259, 212 P.3d 307, 318 (2009), Taylor has not demonstrated any deficient performance, and thus there is nothing to cumulate. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Pickering

cc:    Hon. Kathleen E. Delaney, District Judge
       Terrence M. Jackson
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk