**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ORLANDO SCOTT MARTIN, JR.,
Appellant,
vs.
BRIAN E. WILLIAMS, WARDEN,
Respondent.

No. 64944

**FILED**

JUN 11 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1] Second Judicial District Court, Washoe County; David A. Hardy, Judge.

In his petition filed on April 12, 2013, appellant claimed that he received ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence,

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19155

*Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant claimed that his trial counsel failed to investigate and interview witnesses. In particular, appellant claimed that his counsel failed to discover that a witness, R. Kempf, was on the payroll of a gang, that he allowed minors, drugs and guns into the bar and kept others out of the bar for payment, and that Kempf had lied about appellant being the initial aggressor. Appellant claimed that counsel did not interview M. Dobbs, a defense witness, who could have provided critical information to discredit Kempf. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Trial counsel did seek to present impeachment evidence, and the district court ruled that specific instances elicited from other witnesses would not be allowed. At trial, Kempf was asked and denied that he allowed minors, drugs, or guns into the bar in exchange for something given in return. Despite the district court's ruling, Dobbs did testify that Kempf was known to allow minors, drugs, and guns into the bar and that Kempf was not a "good guy." Appellant failed to demonstrate that further investigation and interviews would have elicited admissible evidence that would have had a reasonable probability of altering the outcome at trial given the district court's ruling, the video of the incident, and the testimony of the witnesses at trial regarding the events preceding and following the shooting. Therefore, we conclude that the district court did not err in denying this claim.

Second, appellant claimed that his trial counsel failed to effectively cross-examine Kempf about his reasons to fabricate and implicate appellant as the aggressor. Appellant claimed that it was possible that Kempf had received death threats. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. A defense witness, Dobbs, did testify that Kempf had told her he was receiving death threats. Appellant failed to demonstrate that asking Kempf about any threats would have had a reasonable probability of altering the outcome at trial given the video of the incident and the testimony of the witnesses at trial regarding events preceding and following the shooting. Therefore, we conclude that the district court did not err in denying this claim.

Third, appellant claimed that his trial counsel was ineffective in failing to hire expert witnesses to determine the angles of the shots to show that appellant was not the shooter, a ballistics expert to challenge the testimony that three guns were involved and that fingerprints cannot be tested for or found after a bullet is fired, and an expert on gunshot residue. In light of the video evidence and the testimony of the witnesses, appellant failed to demonstrate that his trial counsel's performance was deficient or that there was a reasonable probability of a different outcome had trial counsel hired and presented the above-mentioned experts. Therefore, we conclude that the district court did not err in denying this claim.

Fourth, appellant claimed that cumulative errors of trial counsel warranted relief. However, as appellant failed to demonstrate any deficiencies, this claim lacked merit.

Next, appellant claimed that his appellate counsel was ineffective for failing to federalize his direct appeal claims. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. *See Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Therefore, we conclude that the district court did not err in denying this claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. David A. Hardy, District Judge
Orlando Scott Martin, Jr.
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk