An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT FITZGERALD SMITH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63843

**FILED**

SEP 18 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Robert Fitzgerald Smith's post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

Smith contends that the district court erred by denying his habeas petition. Smith claims that trial counsel was ineffective for failing to object to prosecutorial misconduct during the State's rebuttal closing argument. Smith also claims that appellate counsel was ineffective for failing to challenge the same conduct on direct appeal.[1] Smith specifically takes issue with comments made by the prosecutor allegedly directed at his failure to testify and present evidence on his own behalf at trial. We disagree with Smith's contentions.

When reviewing the district court's resolution of an ineffective-assistance claim, we give deference to the court's factual

_____

[1]In his habeas petition filed below, Smith claimed, without specificity, that appellate counsel was ineffective for failing to consult with him. At the evidentiary hearing on his petition, post-conviction counsel explained that Smith wanted appellate counsel to challenge the comments made by the prosecutor during the State's rebuttal closing argument.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-31089

findings if they are supported by substantial evidence and not clearly wrong but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). Here, the district court conducted an evidentiary hearing and heard testimony from one of Smith's trial counsel. Smith did not testify at the evidentiary hearing and he did not call his appellate counsel to testify. The district court found that counsel "made a reasonable tactical decision not to object to what [Smith] now alleges was the State's reference to [his] decision not to testify," and determined that counsel was not ineffective. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Kirksey v. State*, 112 Nev. 980, 987, 923 P.2d 1102, 1107 (1996); *see also Cullen v. Pinholster*, 563 U.S. ___, ___, 131 S. Ct. 1388, 1408 (2011) ("Surmounting *Strickland*'s high bar is never an easy task." (quotation marks omitted) (alteration omitted)). The district court also determined that appellate counsel was not ineffective. *See Kirksey,* 112 Nev. at 998, 923 P.2d at 1113-14. We conclude that the district court's findings are supported by substantial evidence, *see Riley v. State*, 110 Nev. 638, 647, 878 P.2d 272, 278 (1994), and the district court did not err by rejecting Smith's ineffective-assistance claims. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:     Hon. Jerome T. Tao, District Judge
         Brent D. Percival
         Attorney General/Carson City
         Clark County District Attorney
         Eighth District Court Clerk