An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

FRANCISCO JAVIER JIMENEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65097

**FILED**

OCT 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Francisco Javier Jimenez's post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

First, Jimenez contends that the district court erred by denying his claim that counsel was ineffective for advising him to plead guilty to two counts of first-degree kidnapping because there were no facts to support the charges. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). We give deference to the court's factual findings if supported by substantial evidence and not

SUPREME COURT
OF
NEVADA

(O) 1947A

14-34414

clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

The record reveals that Jimenez and several coconspirators entered two convenience stores brandishing firearms, forced the customers into the back, ordered them to lie down, and restrained them using "zip-ties." The group robbed the stores and shot at an employee as they fled. Based upon these acts, Jimenez was charged with one count of conspiracy to commit robbery, two counts of burglary while in possession of a firearm, three counts of robbery with the use of a deadly weapon, one count of first-degree kidnapping, eleven counts of first-degree kidnapping with the use of a deadly weapon, and one count of attempted murder with the use of a deadly weapon. In exchange for the State's agreement to dismiss a majority of the counts and deadly weapon enhancements, Jimenez agreed to plead guilty to one count of conspiracy to commit robbery, two counts of robbery with the use of a deadly weapon, two counts of first-degree kidnapping, and one count of attempted murder. The parties stipulated that only two of the counts would run consecutively; moreover, Jimenez retained the right to argue for an eight-year minimum term and the State retained the right to argue for a twenty-five-year maximum term.

The district court conducted an evidentiary hearing, wherein Jimenez testified that counsel discussed the case with him and informed him of possible defenses to the kidnapping charges, but advised him to

plead guilty to reduce his exposure at sentencing. After considering the record and the testimony presented at the evidentiary hearing, the district court concluded that counsel was not ineffective. We agree. Jimenez fails to demonstrate that there were insufficient facts to support the kidnapping charges, and even assuming otherwise, he fails to demonstrate that it was unreasonable for counsel to advise him to plead guilty pursuant to the agreement rather than proceed to trial against the original charges. *See Hill*, 474 U.S. at 58-59. We conclude that the district court did not err by denying this claim.

Second, Jimenez contends that counsel was ineffective for failing to determine whether any witnesses were available to testify against him, which rendered his plea invalid. The district court denied Jimenez's ineffective-assistance claim on the ground that Jimenez failed to specify what information an investigation would have revealed, *see Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004); Jimenez also failed to demonstrate prejudice because testimony was presented at the evidentiary hearing that there was surveillance footage of the incidents and Jimenez confessed. In addition, whether the witnesses were available to testify has no bearing on the validity of the plea. *See Rubio v. State*, 124 Nev. 1032, 1038, 194 P.3d 1224, 1228 (2008) ("A guilty plea is knowing and voluntary if the defendant has a full understanding of both the nature of the charges and the direct consequences arising from a plea of guilty." (internal

quotation marks and emphasis omitted)). We conclude that the district court did not err by denying these claims.

Having considered Jimenez's contentions and concluded that they lack merit, we

ORDER the judgment of the district court AFFIRMED.[1]

_____ Pickering _____, J.
Pickering

_____, J.                    _____, J.
Parraguirre                            Saitta

cc:    Hon. Douglas Smith, District Judge
       Mueller Hinds & Associates
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[1]A footnote in Jimenez's fast track statement contains text which is not the same size and font as the body of the brief. *See* NRAP 3C(h)(1) (requiring fast track filings to comply with the formatting requirements of NRAP 32(a)(4)-(6)); NRAP 32(a)(5). We caution counsel that future failure to comply with the Nevada Rules of Appellate Procedure may result in the imposition of sanctions. *See* NRAP 3C(n).