An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD RAYMOND TORREZ,
Appellant,
vs.
GREG SMITH, IN HIS OFFICIAL
CAPACITY AS WARDEN OF THE
NEVADA STATE PRISON; AND GREG
COX, IN HIS OFFICIAL CAPACITY AS
DIRECTOR OF THE NEVADA
DEPARTMENT OF CORRECTIONS,
Respondents.

No. 65087

**FILED**

NOV 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order denying appellant Richard Raymond Torrez's post-conviction petition for a writ of habeas corpus. Third Judicial District Court, Lyon County; William Rogers, Judge.

Torrez contends that the district court erred in denying his claims that counsel was ineffective. To prove a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness and resulting prejudice in that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry

14-37295

must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings regarding ineffective assistance of counsel if they are supported by substantial evidence and not clearly wrong but review the district court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Torrez was convicted, pursuant to a jury verdict, of aggravated stalking. *See* NRS 200.575(1), (2). The district court conducted a hearing on Torrez's petition over the course of multiple days, received testimony from numerous witnesses, and concluded that trial counsel was deficient for:

(1) Failing to subpoena the victim's phone records because they cast doubt on either the victim's veracity or memory and because "the State relied heavily on the testimony of [the victim] to prove their case." Further, it found that "it was extremely important for Trial Counsel to impeach [the victim's] testimony," and that trial counsel had no valid explanation for his decision not to subpoena the records.

(2) Failing to object to the lack of direct evidence of prior bad acts at a *Petrocelli* hearing because the victim was the sole witness and she had no first-hand knowledge of the prior bad acts.

(3) Failing to object to the victim's hearsay testimony regarding the prior bad acts.

(4) Failing to object to the police officers' hearsay testimony regarding the motive behind the prior bad acts because the officers did not have first-hand knowledge of any motive.

After making the above findings, the district court cumulatively considered trial counsel's deficiencies, concluded that, while "Trial Counsel made multiple errors and did a less than stellar job handling th[e] case," Torrez was not prejudiced by trial counsel's errors, and denied Torrez's petition.

Whether considering the claims individually or cumulatively, we conclude that the district court erred in determining that Torrez was not prejudiced by trial counsel's deficiencies. The State relied heavily on the victim's testimony to prove their case, and it was crucial for counsel to impeach her testimony. The victim's trial testimony was belied by her phone records, and the phone records would have impeached either her memory of events or her veracity. Furthermore, trial counsel failed to object to key testimony regarding Torrez's prior bad acts, or the incidents used by the State to demonstrate a course of conduct under NRS 200.575(1). Torrez has demonstrated a reasonable probability of a different outcome at trial had counsel impeached the victim's testimony with her phone records and/or objected to key testimony used to establish an element of the offense. Therefore, we conclude that the district court

erred in denying Torrez's petition and he is entitled to a new jury trial. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. William Rogers, District Judge
Law Offices of John P. Schlegelmilch, Ltd.
Attorney General/Carson City
Lyon County District Attorney
Third District Court Clerk

---

[1]Because of the decision reached in this order, we need not reach the merits of Torrez's remaining claims.

The fast track response submitted in this case fails to comply with NRAP 32(a)(4) because it does not contain page numbers. *See* NRAP 3C(h)(1) (requiring fast track filing to comply with the provisions of NRAP 32(a)(4)-(6)). W caution counsel for the State that future failure to follow the Nevada Rules of Appellate Procedural when filing briefs with this court may result in the imposition of sanctions. *See* NRAP 3C(n).