An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

KENNETH LARAY THOMAS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63801

FILED

DEC 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

On appeal from the denial of his March 28, 2012, petition and his supplemental petition, appellant argues that the district court erred in denying his claim that his plea was not knowingly, voluntarily, and intelligently entered. A guilty plea is presumptively valid, and a petitioner carries the burden of establishing that the plea was not entered knowingly and intelligently. *Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986); *see also Hubbard v. State*, 110 Nev. 671, 675, 877 P.2d 519, 521 (1994). Further, this court will not reverse a district court's determination concerning the validity of a plea absent a clear abuse of discretion. *Hubbard*, 110 Nev. at 675, 877 P.2d at 521. In determining the validity of a guilty plea, this court looks to the totality of the circumstances. *State v. Freese*, 116 Nev. 1097, 1105, 13 P.3d 442, 448 (2000); *Bryant*, 102 Nev. at 271, 721 P.2d at 367.

Appellant contends that his plea was invalid because he did not understand the plea agreement and consequences and the district court did not adequately canvass him. We conclude that appellant has

SUPREME COURT
OF
NEVADA

(O) 1947A

14-40398

failed to demonstrate that his plea was not knowingly, voluntarily, and intelligently entered. At the plea canvass, appellant affirmed that he read and understood the plea agreement, that he did not have any questions about it, that he was pleading guilty because he believed it was in his best interest, and that he had committed each of the offenses to which he was pleading guilty. The plea agreement informed appellant of the possible sentences and the rights that he was waiving by pleading guilty.

While appellant acknowledges on appeal that the district court was not required to conduct a "ritualistic oral canvass," appellant contends that the oral canvass here was insufficient because appellant had a low IQ and low reading and spelling abilities. We disagree. Appellant's claim as to his mental deficiencies is based on conclusions in a psychological evaluation that was conducted for mitigation purposes prior to the plea. The psychologist who conducted the evaluation testified at the evidentiary hearing that she did not evaluate appellant's competency and would have told counsel if she had any doubts about his ability to understand the proceedings. The psychologist further testified that appellant could be made to understand the terms of the plea agreement. Trial counsel testified that he read and explained the plea agreement to appellant, and that he had no indication that appellant was unable to comprehend the plea agreement or proceedings. Appellant has failed to demonstrate that his mental deficiencies rendered him unable to understand the proceedings. *See* NRS 178.400; *see also Godinez v. Moran*, 509 U.S. 389, 396-97 (1993); *Dusky v. United States*, 362 U.S. 402, 402 (1960). Therefore, we conclude that the district court did not err in denying this claim.

Appellant also contends that the plea canvass was defective as to the murder count because counsel, and not appellant, answered "yes" to

the district court's question as to whether he committed murder with the use of a deadly weapon. We conclude that appellant has failed to demonstrate that his plea to murder was invalid. The record shows that counsel was merely clarifying the theory of liability. As discussed above, the totality of the circumstances supports the district court's finding that appellant entered a valid plea of guilty. Therefore, we conclude that the district court did not err in denying this claim.

Next, appellant argues that the district court erred in denying his claims of ineffective assistance of counsel. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). We give deference to the court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant contends that trial counsel was ineffective for failing to ask the district court to assess his ability to enter a plea. Appellant has failed to demonstrate that counsel's performance was deficient or that he was prejudiced. Appellant's claim is based on the psychological evaluation that was conducted prior to his plea. However, as discussed above, neither the evaluation nor the evidence at the

evidentiary hearing demonstrated that he was incompetent. Therefore, we conclude that the district court did not err in denying this claim.

Second, appellant argues that trial counsel was ineffective for misrepresenting that appellant would receive a sentence of life with the possibility of parole if he entered a plea. Appellant has failed to demonstrate that counsel's performance was deficient or that he was prejudiced. Counsel testified that he never promised appellant a sentence of life with the possibility of parole. Appellant was informed in the written plea agreement that life without the possibility of parole was a potential sentence, and he affirmed at the plea canvass his understanding that the sentence was entirely within the district court's discretion. Therefore, we conclude that the district court did not err in denying this claim.

Third, appellant argues that trial counsel was ineffective for coercing him into pleading guilty by having an investigator from the Public Defender's Office speak to appellant about the life of an inmate on death row. He asserts that trial counsel misrepresented to him that the investigator was actually a "death row attorney." Appellant has failed to demonstrate that counsel's performance was deficient or that he was prejudiced. Counsel testified that he asked the investigator to provide appellant with an accurate understanding of life on death row so that appellant would be able to make an informed decision as to whether to enter a guilty plea. Counsel denied ever representing to appellant that the investigator was an attorney. Furthermore, in entering the plea, appellant acknowledged that he was not forced to enter a plea and was entering his plea of his own free will. Therefore, we conclude that the district court did not err in denying this claim.

Fourth, appellant argues that trial counsel was ineffective for failing to file a direct appeal. Appellant has failed to demonstrate that

counsel's performance was deficient. Counsel testified that appellant never asked him to file a direct appeal. Counsel testified that he spoke to appellant shortly after sentencing and explained to him that there were no meritorious issues to raise on direct appeal, and they agreed that appellant would file a post-conviction petition if he wished to seek relief. The district court found counsel's testimony to be credible, and we conclude that the district court did not err in denying this claim.

Finally, appellant contends that a conflict of interest arose when trial counsel asked the investigator to speak with him because the Public Defender's Office represented his codefendant and the codefendant's plea deal was conditioned on appellant's entry of a plea. Appellant's bare allegation fails to demonstrate an actual conflict of interest. *See Clark v. State*, 108 Nev. 324, 326, 831 P.2d 1374, 1376 (1992). Therefore, we conclude that the district court did not err in denying this claim.

For the foregoing reasons, we conclude that the district court did not err in denying the petition, and we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                                              Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Kathleen E. Delaney, District Judge
Carmine J. Colucci & Associates
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A