An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DENNIS KIRK SUDBERRY,
Appellant,
vs.
ISIDRO BACA, WARDEN,
Respondent.

No. 65859

**FILED**

DEC 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _S. Young_
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Dennis Kirk Sudberry's post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

Sudberry's only contention on appeal is that the district court erred by rejecting his claim that counsel were ineffective under *Missouri v. Frye*, 566 U.S. ___, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 566 U.S. ___, 132 S. Ct. 1376 (2012), for failing to inform him of a plea negotiation. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We

SUPREME COURT
OF
NEVADA

(O) 1947A

14-40295

give deference to the district court's factual findings regarding ineffective assistance of counsel if they are supported by substantial evidence and not clearly wrong but review the district court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

At an evidentiary hearing on the petition, Sudberry claimed that counsel told him there was a plea offer but never said what the offer was. He also argued that he never received the offer in writing. Both trial counsel testified that the plea offer was communicated to Sudberry, both orally and in writing, and that Sudberry was adamant about refusing any offer that was not a dismissal of all charges. A letter hand-delivered by counsel to Sudberry, spelling out the terms of the plea offer, was admitted into evidence. The district court found that Sudberry's testimony was not credible and that the testimony of prior counsel was credible. Because the district court's factual findings are supported by substantial evidence and are not clearly wrong, we conclude that Sudberry has failed to demonstrate deficiency and therefore he is not entitled to relief on this claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                                          Saitta

cc:    Hon. Janet J. Berry, District Judge
Scott W. Edwards
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk