An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTIAN NATHANAL BRYANT,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65815

**FILED**

DEC 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____S. Young_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

First, appellant Christian Nathanal Bryant contends that the district court erred by denying his claim that trial counsel was ineffective for proceeding to trial while a conflict in representation existed. Bryant claims that a conflict existed because the public defender's office represented one of the victims years before on a matter which resulted in a misdemeanor conviction and because the public defender to whom the case was originally assigned had a personal relationship with one of the witnesses.

To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of

SUPREME COURT
OF
NEVADA

(O) 1947A

14-40296

the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if they are supported by substantial evidence and not clearly wrong but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

At an evidentiary hearing, trial counsel testified that counsel to whom the case was originally assigned recognized the personal conflict and turned the file over without having done any work. Trial counsel further testified that she did not work at the public defender's office when it represented the victim, Bryant's case and the victim's case did not arise from the same set of facts and were not substantially related, her representation of Bryant was not limited by the office's duties to the victim as a former client, and she did not use any information from the victim's case during cross-examination of the victim because it was not admissible or because of a strategic decision. The district court concluded that there was no conflict of interest. We agree and conclude that the district court did not err by denying this claim. *See Clark v. State*, 108 Nev. 324, 326, 831 P.2d 1374, 1376 (1992) (explaining that a defendant must demonstrate "[a]n actual conflict of interest which adversely affect[ed] a lawyer's performance"); *see also Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980).

Second, Bryant claims that the district court erred by denying his claim that appellate counsel was ineffective for failing to challenge the deadly weapon enhancement. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance fell

below an objective standard of reasonableness, and but for counsel's errors, the omitted issue would have had a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996).

The district court concluded that any argument by appellate counsel that the manner in which the beer bottle was used did not constitute a deadly weapon would have been futile as this court affirmed the sufficiency of the evidence pertaining to Bryant's conviction for battery with the use of a deadly weapon, and therefore counsel was not ineffective. *See Bryant v. State*, Docket No. 60060 (Order of Affirmance, September 13, 2012). We conclude that the district court did not err by denying this claim, and we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                                       Saitta

cc: Hon. Elizabeth Goff Gonzalez, District Judge
Keith C. Brower
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk