# IN THE SUPREME COURT OF THE STATE OF NEVADA

RAFAEL ALVAREZ-JIMENEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 74785

FILED

FEB 20 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. First Judicial District Court, Carson City; James E. Wilson, Judge. Appellant contends that the district court erred by denying his petition. We disagree and affirm.

Appellant argues that counsel was ineffective for failing to provide adequate interpretation services, and as a result, appellant did not understand the difference between consecutive and concurrent sentencing structures, that he could receive a more favorable sentence if he provided substantial assistance to the State, and that probation was not available. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). We give deference to the court's factual findings but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

SUPREME COURT
OF
NEVADA

(0) 1947A

19-07795

After conducting an evidentiary hearing where appellant, trial counsel, and various interpreters testified, the district court concluded that trial counsel's performance was not deficient and appellant's plea was validly entered. Specifically, the district court found credible an interpreter's testimony that she faithfully translated the guilty plea agreement and trial counsel's testimony that he discussed with appellant the option of providing substantial assistance to the State. The district court also pointed out that appellant acknowledged at the evidentiary hearing that he knew probation was not available. The record supports these findings. And based on those findings it is clear that the plea was knowingly made. *See State v. Freese*, 116 Nev. 1097, 1106, 13 P.3d 442, 448 (2000) ("A court must be able to conclude from the oral canvass, any written plea memorandum and the circumstances surrounding the execution of the memorandum (i.e., did the defendant read it, have any questions about it, etc.) that the defendant's plea was freely, voluntarily and knowingly made."). Moreover, we note that appellant does not seek to withdraw his allegedly invalid plea; rather, he seeks a new sentencing hearing where he can argue for a more favorable sentence. He therefore fails to demonstrate prejudice, *i.e.*, that but for counsel's alleged errors he would have insisted on going to trial. *See Kirksey*, 112 Nev. at 988, 923 P.2d at 1107. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc: Hon. James E. Wilson, District Judge
John E. Malone
Attorney General/Carson City
Carson City District Attorney
Carson City Clerk