# IN THE SUPREME COURT OF THE STATE OF NEVADA

HAROLD SAMUEL CORDOVA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75068

FILED

APR 1 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

Appellant Harold Cordova pleaded nolo contendere to second-degree murder with the use of a deadly weapon and was sentenced to a term of 10 to 25 years for second-degree murder and a consecutive term of 12 to 30 months for the deadly weapon enhancement. Cordova did not appeal from the judgment of conviction, but later filed a postconviction petition for a writ of habeas corpus, which the district court denied after conducting an evidentiary hearing.

Cordova argues that his trial counsel did not ensure that he understood the consequences of his plea and did not investigate before entry of the plea. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown.

19-16060

*Strickland v. Washington*, 466 U.S. 668, 697 (1984). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Cordova argues that counsel should have investigated his mental health issues and possible defenses before advising him to enter a plea. He asserts that a psychological report had not been completed until after the plea was entered. We conclude that Cordova failed to demonstrate deficient performance. While a psychological report was prepared after entry of the plea for use at sentencing, counsel had discussed the expert's findings before advising Cordova to enter the plea. Based on these discussions, counsel concluded that they could not mount an effective defense to the open murder charge based on the available evidence. Cordova further failed to demonstrate prejudice. He acknowledged during the plea canvass that the State could introduce sufficient facts to support his conviction. Counsel testified that, given the statements that Cordova made about the incident, any purported defenses would not likely have been successful. Thus, it was not reasonably probable that further investigation would have prompted Cordova to forgo the plea agreement and insist upon going to trial.

Next, Cordova argues that trial counsel's lack of communication, coupled with his psychiatric issues and medication, prevented him from understanding the consequences of his plea or the defenses available if he went to trial. We conclude that this argument lacks merit. Cordova signed a plea memorandum that described the rights he was waiving with the entry of his plea and the possible sentences he faced. At the plea canvass, Cordova acknowledged that he read and signed the

agreement. He also orally acknowledged the rights he was waiving and the penalties he faced. He stated that, based on the evidence, it was in his best interest to enter the nolo contendere plea. There is no indication from the record that Cordova's mental health issues or prescribed medications prevented him from understanding the guilty plea proceedings. *State v. Freese*, 116 Nev. 1097, 1105, 13 P.3d 442, 448 (2000) ("This court will not invalidate a plea so long as the totality of the circumstances, as shown by the record, demonstrates that the plea was knowingly and voluntarily made and that the defendant understood the nature of the offense and the consequences of the plea."); *Molina v. State*, 120 Nev. 185, 191, 87 P.3d 533, 537-38 (2004) ("A thorough plea canvass coupled with a detailed, consistent, written plea agreement supports a finding that the defendant entered the plea voluntarily, knowingly, and intelligently." (internal quotation marks omitted)). Further, given that the potential defenses were not likely to be successful, he failed to demonstrate that additional communication with counsel about those defenses would have affected his decision to enter a plea. Therefore, the district court did not err in denying this claim.

Lastly, Cordova argues that the district court erred in denying his motion for substitute postconviction counsel. He asserts that postconviction counsel suffered from a conflict of interest as his relationship with counsel had broken down to the extent that it was irreconcilable. We discern no abuse of discretion. *See Young v. State*, 120 Nev. 963, 968, 102 P.3d 572, 576 (2004) (reviewing denial of a motion for substitution of counsel for an abuse of discretion). Cordova failed to establish adequate cause to reject his court appointed postconviction counsel. *See Gallego v. State*, 117 Nev. 348, 362, 23 P.3d 227, 237 (2001), *abrogated on other grounds by Nunnery v. State*, 127 Nev. 749, 263 P.3d 235 (2011). In his motions to the district court, Cordova asserted that counsel did not provide him with his

 

complete record for his review and expressed a favorable opinion regarding the plea negotiations and agreement. Cordova's dissatisfaction with counsel's decision to conduct his own review of case materials and claims and express his legal assessment of the plea agreement did not indicate that the attorney-client relationship had irreparably broken down. *See Thomas v. Wainwright*, 767 F.2d 738, 742 (11th Cir. 1985) ("Good cause for substitution of counsel cannot be determined 'solely according to the subjective standard of what the defendant perceives.'" (quoting *McKee v. Harris*, 649 F.2d 927, 932 (2d Cir. 1981)). Also, as postconviction counsel was not appointed pursuant to a statutory mandate, Cordova did not have the right to effective assistance of postconviction counsel. *See Brown v. McDaniel*, 130 Nev. 565, 569, 331 P.3d 867, 870 (2014).

Having considered Cordova's contentions and concluding that they lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____ C.J.
Gibbons

_____ , J.
Pickering

_____ , J.
Cadish

cc:  Hon. Connie J. Steinheimer, District Judge
     Karla K. Butko
     Attorney General/Carson City
     Washoe County District Attorney
     Washoe District Court Clerk